**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4914**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAMON LESHAWN COLE, a/k/a Damon Lashawn Cole, a/k/a Calvin Scott,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:14-cr-00104-NCT-1)

Submitted:  May 29, 2015          Decided:  June 11, 2015

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, First Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Leshawn Cole pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Cole to 60 months of imprisonment followed by five years of supervised release and Cole now appeals. For the reasons that follow, we affirm.

On appeal, Cole argues that the district court failed to adequately explain the five-year period of supervised release and that the term of supervised release is substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. We then "'consider[] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). If the sentence is within the Guidelines range, we apply a presumption of reasonableness.

2

Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In sentencing a defendant, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). With respect to the adequacy of the explanation, as Cole failed to request a sentence or period of supervised release other than that imposed, we review this issue for plain error. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). "To prevail, [Cole] must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lemon, 777 F.3d 170, 172 (4th Cir. 2015) (internal quotation marks and citation omitted). Even if Cole makes this showing, we "may exercise [our] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that Cole has failed to demonstrate that the district court plainly erred in imposing the period of supervised release. We further conclude that Cole

has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence and supervised release period.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4